Good afternoon, your honors. My name is Sid Wolitski from Tucson, representing Anthony Shirley, the appellant in this case. This is a difficult case, and I'm going to try to explain to you why I believe this case should be reversed and remanded. First of all, the court should be aware that under the doctrines in Gordon and Ubaldo, a defendant in a criminal case is entitled to an impartial jury trial. And in order for it to be impartial, under the Fifth and Sixth Amendments, in order for the defendant to receive proper due process, they have to be instructed properly by the judge. And in this case, they were instructed improperly. And I thank the court for the opportunity to file a letter brief in this case, pointing out why the defendant was not accorded his due process rights by virtue of misleading instructions given by the trial court. In order to prove up the first count of aggravated sexual abuse, which is violation of 18 U.S. Code 2241A2, as charged in the indictment, the government was required, by virtue of the indictment and the statute, to state that the defendant, appellant in this case, acted with the use of force and threat, either of herself or of another person. This was not in the jury instructions. I don't know why it's not in the jury instructions, but it wasn't in the jury instructions. And, therefore, as to this issue, the defendant did not receive a fair trial. Secondly, the term sexual act was incompletely defined in the jury instructions. There were references to what might constitute sexual acts. But 18 U.S.C. 2246 requires penetration to be done with an intent to abuse, humiliate, harass, degrade, arouse, or gratify the sexual desire of any person. This was not in the jury instructions. It was mandatory that it be in the jury instructions, but it wasn't in the jury instructions. You'd agree that none of this was raised before the trial court? None of these issues were raised before the trial court? Not only do I think so, Judge. Oh, I'm sorry. Was it raised by the trial? It was not raised in the trial court. However, it seems to me that this is plain error and falls under the plain error doctrine, which requires the error to be plain and that the error affected the substantial rights of the defendant and affected his ability to receive a fair trial. It was not raised. I was not the trial lawyer in the case, but it was not raised. That's correct. However, if you look at the letter brief from the government, they concede on pages 2 and 6 that this is plain error. You can't convict somebody in a situation where you are not reciting in your instructions what's contained in the statute. What you're saying, Counsel, essentially is the essential elements of the offense, which have to be included in the jury instruction, were missing. That's correct, exactly what I'm saying. It's the judge's obligation to do that. The jury instructions are a distillation of the charges that he's been accused of, as well as a distillation of the facts that have been induced at the jury trial. And so jurors are not legal experts. The judge is the legal expert, and it's his obligation. It's his duty to explain to the court — I'm sorry, explain to the jury exactly what they have to find in order to find the defendant guilty. The difficulty with that is that if those errors aren't called to the district court's or trial court's attention, then the trial court has no opportunity to correct it. And when counsel agrees with the jury instructions, doesn't object to them, there's a higher level of higher standard you have to meet here on that. This wasn't raised below. It wasn't raised by you in your opening brief. Still the remedy of 2255, I expect. It's still, in my opinion, it's still a fundamental plain error. And as such, if the court agrees with me, then it should be subject to reversal. It's basic law. You have to be instructed properly. Yes, it's true, the trial lawyer did not raise it in the lower court, but nonetheless it resulted in an unfair conviction for Mr. Shirley. Additionally, one of the questions put to us before coming down here was whether the charges were multiplicitous. And an indictment is multiplicitous if it charges a single offense and more than one count. And in this case, the counts are multiplicitous because it just refers to sexual acts and what those acts might be without specifically stating exactly what the government believes the defendant did illegally. Some of the counts don't require any additional proof. For example, in count one, it states that on or about September 16, 2012, out on near Tucson on the Pascua Yaqui Indian Reservation, Anthony Ray Shirley did knowingly cause J.V., an Indian, to engage in a sexual act. There's contact between the defendant's penis and the mouth of J.V., a child who had not yet attained the age of 12 and who was 8 years old, by threatening and placing her in fear that another person would be subjected to death or serious bodily injury. The very next count, count two, is the exact same language, except it leaves out by threatening and placing her in fear that another person will be subject to death or serious bodily injury. But nothing is added to it. In that sense, it's multiplicitous. Additionally, I am arguing that the specific sexual acts have to be defined as to each instruction. That's the law. The defendant has to know, the jury has to know what the offense was. It has to be specifically stated, not just a blanket situation. So, for example, in counts five and six, it's lumped together. You don't specify the specific acts other than that he committed, or was alleged to have committed specific sexual acts, but we're not told what they are. They're just lumped together. And the jury needs to consider whether or not the defendant is guilty of each individual count rather than a group of counts. So that goes to the issue of multiplicity that was raised by this court. I reserve my time. Thank you, Counsel. Good afternoon, Your Honor. Shelly Clemens on behalf of the U.S. Attorney's Office for the District of Arizona-Tucson. Your Honor, the defendant has raised four issues in his case in chief, and the Court has obviously raised five issues for the parties to address. I guess I would ask which do you have a particular preference on, which issues? Well, let me turn to the jury instructions raised by us. I mean, it does certainly we understand plain-error review applies. Why shouldn't we invoke plain-error? Because, Your Honor, as the government has conceded in regards to Counts 1 and Count 3, there were essential elements that were missing from the jury instructions. That was error, and it was plain. However, plain-error requires one additional step that has to be shown by the defendant, in that he has to show that this error affected his substantial rights. That is, that he was prejudiced. Now, in regards to Count 1, the defendant cannot make his — meet his burden to show that. In Count 1, the defendant was charged with aggravated sexual abuse by force of a child, and the missing element was by force. However, Count 2 also alleged aggravated sexual abuse against a child, and the jury instruction, for that matter, included the element of force unnecessarily. If this involved — and it did. This involved the same defendant. It involved the same victim. And it involved the same sexual act, that being that the defendant forced the little girl to put his penis in her mouth. If the jury found force was sufficiently found for Count 2, they necessarily found that force was found for Count 1. As such, there can be no prejudice there. And the Supreme Court — Are you saying that the counts were multiplicitous? What we're — what we've conceded is that, in fact, Count 1 was duplicitous. In fact, that it charged — Duplicative. Excuse me? Duplicative. Duplicative. Thank you. I apologize, Your Honor. It was duplicative, because Count 1 charged the defendant with two separate charges that could have stood by themselves independently. 2241a2 allows a charge of aggravated sexual abuse where the defendant commits the sexual acts or causes somebody to engage in sexual acts through the use of force. 2241ac is a totally separate charge where aggravated sexual abuse can be found merely when it involves a child underneath the age of 12. So in this particular instance, the error the government made was in Count 1, we charged something that was, in fact, duplicative. We charged both those offenses at once. By doing so as charge, yes, that did cause Counts 1 and 2 to be technically multiplicitous because — or multiplicative because Count 2 only has one — only one of the counts has an element that's different than the other offenses. But in this particular instance, there is no prejudice to the defendant on the duplicity. First of all, I would note again, this is not something that was raised by the defendant below. Second, by the way that was charged and by the way the elements were given to the jury, they had to necessarily find both the force and the occurred against the child. So we're not in a situation we're guessing as to could they have found one and not the other. We know that they did in this particular instance because the court grouped Counts 1 through 5, those all involved the same victim, J.V., in the same series of acts against her, and the counts were all run concurrent. So the — So do you really care if Count 1 is stricken? I guess I shouldn't, Your Honor. No, I mean, I'm just trying to be practical about this. Right. Because we're also looking — we're looking at prejudice in all this, but also if there's plain error and there's no — you know, it may well be that if we hold plain error on Count 1, it's not going to make any difference anyway. And I would certainly agree with that analysis, Your Honor. And we believe, given that, that Counts 2, 3, and 4 were not multiplicative and they can stand on their own as charged. Now, the Court has raised the issue of both the jury instructions didn't require them to make a specific act finding and that by not doing so, that may have caused these particular offenses to be deemed to be multiplicitous. However, in this particular instance, in the way that the jury instructions were faced, and it's our obligation to look at these jury instructions as a whole to determine whether or not they were misleading, not each individual instruction, the jury, in fact, did not — were not put in a position where we can't tell if they found specific acts for specific offenses. In this particular instance, the jury was instructed that they had to make their findings based off — first, the Court said for aggravated sexual abuse as charged in the indictment, that they had to make their findings as was set forth in the indictment. And this was reiterated in the verdict form, where, in fact, the jury was instructed that they had to make their findings as was set forth in the indictment. And we know that this particular jury, luckily, was paying attention, because when they got the initial instructions that didn't include fours for count one, but did include it for two, three, and four, they sent out a question noting that. And as a result, at the end of that, specifically asked, should they make — base their findings based off what was set forth in the indictment? And that's at Court Record 218. So the purpose of having jury instructions where we tell the jury, you've got to make specific acts as specific findings so that we know that they, in fact, made those findings for each count, in essence, that's what actually occurred by practical application. Because in this case, they asked the question, we should make — should we make our findings based off what's in the indictment? They were given a jury instruction that told them they had to make their findings, that the government had to prove their case as was set forth in the indictment, and the final verdict form reiterated that they made their findings as was set forth in each indictment. From the question that they were given, it's clear that they had the indictment. It's clear they knew what their obligations were in regards to that indictment. As such, the practical application of the instruction was that they made their findings. So for count 1 and 2, the finding was that the defendant forced the little girl to perform fellatio on him. For count 3, that he digitally penetrated her. And for count 4, the specific act being that he put his mouth on her genitals and performed a sexual act on her. That's what was set forth in the indictment, and that's what the jury was told they had to make their findings on. As to the count 3 being that was raised, that there was a missing element in count 3, that being the sexual gratification, the government would argue that there's no prejudice to the defendant there, either, because there's more than sufficient evidence for the jury to have made that finding beyond a reasonable doubt. As the Supreme Court held in Netter, there are going to be times when, unfortunately, the jury instructions aren't going to be perfect and an element might be missing. However, that doesn't mean that the verdict is necessarily unreliable or not a proper vehicle for conviction. It doesn't mean that the trial has been rendered fundamentally unfair. Absent prejudice, an improper jury instruction, an imperfect jury instruction is not a basis for overturning the conviction. So unless the defendant can show that in the evidence in this case, the jury would not have found that missing element of sexual gratification beyond a reasonable doubt, he cannot show meet his burden to show prejudice and that this should be overturned. And we have conceded that that element should have been here. However, in this particular instance, it's very clear that there could be no other purpose for the acts that the defendant performed on this little girl to essentially engage in sexual acts of what constitutes a blowjob, digital penetration, and then him performing a sex act upon her. And as this Court recently said in Preston, when a defendant generally denies committing an offense of sexual abuse and the victim's testimony is that the abuse has occurred, if that is accepted by the jury, which in this case it clearly was, it effectively proves all the elements of the defense, including that the defendant intended to seek sexual gratification. I would further note for the Court, Count 5, which involved the same victim and the same defendant was part of the same series of crimes committed against this little girl, involved the defendant putting his penis on her buttocks. And that jury instruction properly included the intent element that was missing in 3, that he did it for purposes of causing sexual gratification to occur in any person. If the jury was able to find sexual gratification by that particular act, there's no reason to believe, and in fact it's proof beyond a reasonable doubt, that they would have found the sexual gratification element in Count 3, which were — which was a much more egregious act that was committed by the defendant. I don't believe I have — I guess the one thing that I would raise, if this Court is considering a finding that the — because the jury instructions were insufficient and did not properly ensure that the jury made specific findings of specific acts for each count, as was set forth in our brief in the Hurt case, Stewart, as well as — and I cannot say the name — Saksiewicz, the last case cited in our brief. The proper remedy is not to overturn the conviction wholesale, but only to overturn those convictions that are, in fact, multiplicative. And as such, we believe Count 2 is the — it would be the count that would be the strongest count to remain in place at this time. Thank you, counsel. Thank you. Budll. Your Honors, I don't see how government's counsel can say that my client wasn't of what the proper instructions were to be. She can't tell us years after the trial that had this word been different or that sentence been different, it wouldn't have mattered. It would all come out the same. He would have been found guilty. She doesn't know that. And — Well, if the only count that stands is Count 2, your client's still guilty, right? Still serving the term. Yes. A sentence. Yes. He got a very long term. He got 30 years. And they were — the sentences were imposed to run concurrently. That's correct, Judge. Thank you. My opponent pointed out a juror's question asking about an inconsistency between the jury instruction and the indictment and if they were to answer the juror form using the counts listed on the indictment. And the district court answered yes to that question and advised that corrected instructions would be provided. And then she goes on to say, while a better practice would have been for the district court to have instructed the jury to find separate and distinct acts, it is clear that the instructions adequately informed the jury of this duty. This shows us that the jury was confused. If a juror raises his hand and says there's an inconsistency between the jury instruction and the indictment, it — he was obviously confused. Other jurors might have been confused. This is not justice. This is injustice. This is definitely prejudicial to the defendant, which is one of the prongs of the plain error test. So I don't think he received a fair trial. I think the entire case should be remanded and reversed. Thank you, Counsel. The case just argued will be submitted for decision and will be in recess for the afternoon. All rise.
judges: Fernandez, Thomas, Ezra